### BRUNSWICK–BALKE–COLLENDER CO. v. KLUMPP et al.

(Circuit Court, S. D. New York. July 24, 1903.)

1. PATENTS—INVENTION—BOWLING ALLEY.
   The Wiggin's patent, No. 623,933, for a bowling alley, *held* not to show patentable invention, on a motion for preliminary injunction.

In Equity. Suit for infringement of letters patent No. 623,933, for a bowling alley, granted to William H. Wiggins April 25, 1899. On motion for preliminary injunction.

J. C. Clayton, for the motion.
S. L. Moody, opposed.

LACOMBE, Circuit Judge. The evidence relied on to support invention is not at all of the same character as that presented in Brunswick-Balke Co. v. Thum, 111 Fed. 904, 50 C. C. A. 61. There it appeared that the defects of the old structure were well known, and a long series of devices, intended to correct them, were shown to have been tried and to have failed. Here the patentee asserts that he was the first one to perceive the defects, or to appreciate their seriousness, and there is a sharp conflict of testimony as to whether the old style of rectangular gutter, which failed to center the balls, produced the evils he alleges that he cured. The patent to Chambers (235,209) seems a sufficient paper anticipation. The old style gutters, with cove-pieces and an enlarged strip at the pit end, to keep the ball away from the alley bed, may fairly be considered a practical anticipation. Certainly with these devices and the V-shaped gutter of Roberts (425,551) in the prior art there could be no invention in centering the misplayed balls of a bowling alley by the use of a U-shaped side gutter.

The motion is denied.